BENJAMIN MELITA, Appellant, v. GLOBE AND RUTGERS FIRE INSURANCE COMPANY, Respondent, Impleaded with the JOHNSTOWN BANK, Defendant.

Third Department, March 3, 1920.

Insurance — action on policy of fire insurance — defense that policy was procured by false representations — evidence of previous fires on property owned by insured — evidence that insurer's home office did not know before fire that policy had been issued.

In an action to recover on a policy of fire insurance which the defendants contend was issued in reliance upon false and fraudulent statements of the plaintiff as to previous fires it was proper for the court to allow the defendants on the cross-examination of the plaintiff to ask him if he had had any fires previous to his making the application for the policy in question which was a few days before the fire which destroyed the property.

As the issue in the said action is whether the plaintiff procured the policy by a fraudulent misrepresentation it was proper to permit the defendant

which had issued two previous policies on the same property through another agent to show that its home office did not have notice of the issuing of the policy prior to the fire in order to establish the fact that it had not waived the fraud.

APPEAL by the plaintiff, Benjamin Melita, from a judgment of the Supreme Court in favor of the respondent, entered in the office of the clerk of the county of Fulton on the 21st day of May, 1919, upon the verdict of a jury, and also from an order entered in said clerk's office on or about the same day denying plaintiff's motion for a new trial made upon the minutes.

*D. H. Demarest,* for the appellant.

*Ainsworth, Carlisle & Sullivan* [*Charles B. Sullivan* of counsel], for the respondent.

WOODWARD, J.:

This action was brought to recover upon three policies of insurance written upon the hotel property of the plaintiff. The court directed a verdict as to two of the policies, and submitted to the jury the evidence in support of the defense that the third policy was issued in reliance upon the false and fraudulent statements of the plaintiff. The jury found in favor of the defendant insurance company and the plaintiff appeals from the judgment in this regard and from an order denying his motion for a new trial.

The plaintiff urges that the court erred in permitting the defendant, on cross-examination, to ask the plaintiff if he had had any fires previous to his making the application for the policy in question on the third of August, a few days before the fire which destroyed the property. The issue involved was whether the plaintiff had induced one Boyd, the defendant's agent, to write the policy in question under false statements, one of which related to previous fires, and we can conceive of no ground for objection to this line of questions on cross-examination of the plaintiff. The authorities cited on this point by the plaintiff certainly have no tendency to establish error, and we think the point is without merit.

Next we are asked to hold that it was error for the court to permit the defendant to show that the defendant's home office did not have notice of the issuing of this policy prior to

the fire. If the purpose of this testimony was to defend against the policy itself it would undoubtedly be open to criticism, but no such issue is involved here. There is no question that if the policy was free from fraud in its inception the defendant is liable. The question is whether the plaintiff procured the policy by fraudulent misrepresentations, and the purpose of the testimony brought out was to show that the defendant, which had issued two previous policies upon the same property through another agent, had not waived the fraud. We think the court did not err.

We have examined the case and find no error of which the plaintiff may fairly complain.

The judgment and order appealed from should be affirmed, with costs.

Judgment and order unanimously affirmed, with costs.